UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ALARCON NAVA,<br><br>    Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM,<br><br>    Defendant. | Case No. 25-cv-03508-RFL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

# INTRODUCTION

Luis Nava, a prisoner at San Quentin Rehabilitation Center, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **December 15, 2025**. Failure to file a proper amended complaint by December 15, 2025, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Allegations**

Plaintiff alleges as follows: In April 2017, Plaintiff experienced a severe trauma episode while in the prison yard, so he sat down on the ground to reduce the sensation of depression and confusion. (Dkt. No. 1 at 10.) A correctional officer observed Plaintiff and laughed at him and yelled obscenities, rather than summoning medical help. Multiple correctional officers then grabbed him, placed him in handcuffs, stood him up and walked him through the yard by pushing him. A correctional officer then held Plaintiff by his arm while handcuffed and hit him in the face, causing his face to hit metal bars which resulted in head, ear, and wrist injuries. Plaintiff was then left in his cell, and no one summoned medical personnel until later. (*Id.*) Plaintiff was taken to the hospital later that morning where he was treated for a fracture of his left-wrist which required surgery. (*Id.* at 11.) The surgery was not provided. (*Id.*) Plaintiff only names Governor Newsom as Defendant due to his position overseeing the California prisons.

(*Id*. at 12.)

**C.    Analysis**

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton, *id*. (citing *Wilson*, 501 U.S. at 297). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that prison staff knew of the seriousness of those needs and chose a path that was both "medically unacceptable under the circumstances" and in "conscious disregard of an excessive risk to [plaintiff's] health." *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Plaintiff's allegations present a claim for excessive force and deliberate indifference to his serious medical needs. However, Plaintiff has not adequately alleged that this claim was brought within the required statute of limitations. The Complaint describes these events as occurring in April 2017, but Plaintiff did not bring this lawsuit until March 2025.

Section 1983 does not contain its own limitations period, so it borrows the California statute of limitations for personal injury torts for Plaintiff's claim. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying the two-year statute of limitations to Section 1983 claim brought in California). California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code section 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id*. Applying the maximum two-year tolling period, Plaintiff had a total of four years to bring his claim. That would have expired in April 2021.

The complaint must therefore be dismissed for failure to allege facts showing that the claim was brought within the statute of limitations. Leave to amend will be granted. Plaintiff may be able to allege that the statute of limitations is further tolled because he did not know or have reason to know of the basis for his claim until more recently. Federal law determines when a cause of action accrues, and thus when the statute of limitations begins to run in a Section 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92. It seems doubtful that Plaintiff could allege further tolling, since he presumably knew of how he had been treated and of his injury at the time it happened in 2017. However, the Court is willing to give Plaintiff an opportunity to amend his Complaint to provide additional information to address the statute of limitations issue.

The Complaint must also be dismissed for a second reason: Plaintiff does not identify any of the specific correctional officers who assaulted him, denied him care, or any medical

officials at the prison who denied his wrist surgery.  The Complaint needs to identify the individual Defendants, describe each Defendant's specific actions, and address if this case was timely filed against that Defendant pursuant to the legal standards above.  "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Id.*  Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct.  *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

Plaintiff's claim against Governor Newsom is dismissed as well.  Supervisory defendants are not responsible simply because they are supervisors.  There is no respondeat superior liability under Section 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong.  *Iqbal*, 556 U.S. at 676-83.  Nothing in Plaintiff's allegations show that Governor Newsom participated in or directed the violations.  Without more, the allegation that he knew of and disregarded a risk to Plaintiff is insufficient.[1]

---

[1] Plaintiff also includes a habeas petition attached to the complaint, regarding a 2012 conviction in Kern County.  (Dkt. No. 1 at 112-246.)  This case was originally transferred from the Eastern District of California based on the allegations in his complaint about the incident described above.  To the extent he seeks habeas relief concerning the 2012 conviction, he must file a separate habeas petition in the Eastern District of California where he was convicted.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **December 15, 2025**. The amended complaint must include the caption and civil case number used in this order (25-3508 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The first amended complaint must also appear on this Court's form</u>, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 12, 2025

RITA F. LIN
United States District Judge