UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO ALARCON NAVA,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No. 25-cv-03508-RFL<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 26 |

**INTRODUCTION**

Luis Nava, a prisoner at San Quentin Rehabilitation Center, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  The second amended complaint was dismissed with leave to amend, and Plaintiff filed a third amended complaint.  The third amended complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

This case will be dismissed because Plaintiff has failed to state a claim for relief and this action is barred by the statute of limitations.  He again fails to identify the actions of any specific Defendant that violated his rights, and he has not addressed the timeliness issue.

This federal civil rights action is DISMISSED.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

1

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Allegations**

In the prior complaints the Court found that Plaintiff had described conduct that could support a claim for excessive force and deliberate indifference to his serious medical needs, but had not adequately alleged that those claims were brought within the required statute of limitations. Plaintiff also did not identify any of the specific correctional officers who assaulted him, denied him care, or any medical officials at the prison who denied his surgery. The governor and warden of the prison were dismissed because they were not alleged to be involved, and the law does not permit them to be held responsible simply because they were supervisors. Plaintiff was advised to address these issues in his amended complaints. The third amended complaint repeats the general allegations from the prior complaints and again fails to address the statute of limitations.

Plaintiff alleges as follows: In April 2017, he experienced a severe trauma episode while in the prison yard, so he sat down on the ground to reduce the sensation of depression and confusion. (Dkt. No. 25 at 3.) A correctional officer observed Plaintiff and laughed at him and yelled obscenities, rather than summoning medical help. (*Id.*) Multiple correctional officers

2

then grabbed him, placed him in handcuffs, stood him up, and walked him through the yard by pushing him. (*Id*. at 4.) A correctional officer then held Plaintiff by his arm while handcuffed and hit him in the face, causing his face to hit metal bars which resulted in face, jaw, ear, and wrist injuries. (*Id*. at 4, 6.) Plaintiff was taken to the hospital later that morning where he was treated for a fracture of his left-wrist, which required surgery. (*Id*. at 4.) The surgery was not provided. (*Id*.) Plaintiff identifies Seargeant E. Ramirez as a Defendant but provides no specific allegations against him, other than that he placed Plaintiff in mechanical restraints and escorted him. (*Id*. at 1-2, 5-6.)

## C.    Analysis

Section 1983 does not contain its own limitations period, so it borrows the California statute of limitations for personal injury torts for Plaintiff's claim. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004) (applying the two-year statute of limitations to Section 1983 claim brought in California). California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Civ. Proc. Code section 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id*.

Federal law determines when a cause of action accrues, and thus when the statute of limitations begins to run in a Section 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92.

The third amended complaint is nearly identical to the prior complaints. Plaintiff has removed the warden's name in certain parts of the filing and placed Sergeant Ramirez's name in

3

its place.  However, the allegations still describe the actions of the warden of the prison in his role as a supervisor, with only conclusory allegations about his failure to adequately supervise and train.  Plaintiff has not specifically described any actions that Ramirez himself took other than placing Plaintiff in mechanical restraints and escorting him, which is not a constitutional violation, standing alone.  Plaintiff has still not identified the actions of any other specific Defendants that violated his rights.  The third amended complaint thus fails to state a claim for relief.

The third amended complaint also suffers from another defect.  The incident in this case occurred in 2017 and the instant case was filed in 2025.  Assuming Plaintiff was entitled to four years to file this case, the statute of limitations would have expired in 2021, several years before the case was filed.  Plaintiff was provided multiple opportunities to allege that the statute of limitations was further tolled because he did not know or have reason to know of the basis for his claims until more recently.  Plaintiff again fails to address the statute of limitations issue or present any arguments for further tolling.

Plaintiff has been provided multiple opportunities to amend, but has not been able to cure the deficiencies of his claims, so they are dismissed without leave to amend.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

## CONCLUSION

The motion for an extension (Dkt. No. 26) is GRANTED and the third amended complaint is deemed timely filed.  This federal civil rights suit is DISMISSED with prejudice.

The Clerk shall enter judgment in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: July 7, 2026

RITA F. LIN
United States District Judge

4